IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEEBA SCOTT HARRIS, :
    Plaintiff :
: No. 1:20-cv-2050
v. :
: (Judge Kane)
RAYMOND TONKIN, et al., :
    Defendants :

## MEMORANDUM

### I. BACKGROUND

On November 5, 2020, pro se Plaintiff Keeba Scott Harris ("Plaintiff"), a pre-trial detainee housed at the Pike County Correctional Facility ("PCCF") in Hawley, Pennsylvania, filed a civil rights action pursuant to 42 U.S.C. § 1983 regarding her allegedly unconstitutional state criminal charges. (Doc. No. 1.) Plaintiff also filed a motion to dismiss her pending criminal charges and a motion to remove her state criminal prosecution on January 22, 2021. (Doc. Nos. 8, 9.) On April 20, 2021, correspondence from the Court mailed to Plaintiff was returned as undeliverable. (Doc. No. 11.) That correspondence was marked, "RETURN TO SENDER, NO LONGER HERE." (See id.)

### II. DISCUSSION

A review of the docket reflects that a copy of this Court's Pro Se Letter was sent to Plaintiff on November 5, 2020. (Doc. No. 2). The Pro Se Letter provides, in pertinent part,

> Pro Se plaintiffs and petitioners are advised that they have an affirmative obligation to keep the court informed of his or her current address. If the plaintiff/petitioner changes his or her address while the lawsuit is being litigated, the plaintiff/petitioner shall immediately inform the court of the change in writing.

(Id.) Middle District of Pennsylvania Local Rule 83.18 similarly provides that a pro se litigant has an affirmative obligation to keep the Court informed of his or her address and must immediately inform the Court if his or her address changes during the course of the litigation.

Plaintiff is no longer detained at PCCF and a review of the Pennsylvania Department of Corrections ("DOC") inmate locator provides that she is not incarcerated under the DOC's custody. Plaintiff has either been released from custody or transferred to an unknown location, and she has failed to provide this Court with her current address in violation of the requirements of Local Rule 83.18.

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of the action is appropriate. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). Plaintiff's present whereabouts are unknown, and she has not communicated with the Court since January 22, 2021. Plaintiff's failure to provide her current address has prevented this matter from proceeding.

Based on these circumstances, the Court concludes that Plaintiff is no longer interested in pursuing her pending claims. Accordingly, it would be a waste of judicial resources to allow this action to continue. The Court's inability to communicate with Plaintiff is solely the result of her own inaction, which renders ineffective any sanction short of dismissal. See Poulis v. State Farm, 747 F.2d 863, 868-69 (3d Cir. 1984).

### III. CONCLUSION

For the foregoing reasons, this Court will dismiss this action for failure to prosecute. In the event that Plaintiff provides the Court with her current address within a reasonable period of time, this determination may be reconsidered. An appropriate Order follows.